# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1337 | **DATE** | 6/20/2000 |
| **CASE TITLE** | Neely vs. Law Offices of Kevin J. Hermanek | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 8/2/00 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant, Heilig-Meyers Furniture Co.'s motion to dismiss for lack of subject matter jurisdiction. Ruling set for 6/23/00 is therefore vacated. On claim against Kevin J. Hermanek, plaintiff shall obtain service of process by 7/3/00 or the case will be dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 6/20/2000 | |
| | | | date mailed notice | |
| MPJ | courtroom deputy's initials | | MPJ | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

VANETIA NEELY, individually and )
on behalf of all persons )
similarly situated, )
)
        Plaintiff, )
)
v. )  No. 00 C 1337
)
LAW OFFICES OF KEVIN J. )
HERMANEK, P.C. and HEILIG- )
MEYERS FURNITURE COMPANY, )
)
        Defendants. )



## MEMORANDUM OPINION AND ORDER

Vanetia Neely bought a suite of bedroom furniture from Heilig-Meyers Furniture Company on an installment plan in November 1998. Apparently unsatisfied with her performance in paying, Heilig-Meyers filed a no-notice complaint in replevin, an action to obtain possession of wrongfully detained property, in the Circuit Court of Cook County, Illinois, on March 4, 1999.

Normally, notice is constitutionally and statutorily required for a writ of replevin, *Fuentes v. Shevin*, 407 U.S. 67 (1972); 735 ILCS 5/19-105, but the notice requirement may be dispensed with "if the plaintiff establishes and the court finds as a matter of record and supported by evidence" that replevin without notice is required

to "protect the plaintiff from an immediately impending harm" which will result from (1) the "imminent destruction or concealment of the disputed property," (2) its "imminent removal" from the State, (3) its "perishable nature" under the circumstances, or (4) its "imminent sale, transfer or assignment" if these transactions are "fraudulent or in derogation of the plaintiff's rights in the property." 735 ILCS 5/19-106.

In its order of March 4, 1999, drafted by attorney Kevin Hermanek, the Circuit Court made these required findings, although Ms. Neely alleges in her complaint that no evidentiary hearing was held, and the defendants "did not reasonably believe" that she or other class members were planning to fraudulently sell, transfer, or assign the property. For the purposes of this motion, I must accept those allegations as true.

Under the Circuit Court's order, the Cook County Sheriff entered Ms. Neely's house and repossessed the furniture and other goods. At that time she was given a copy of the Heilig-Meyers complaint and the order of March 4, 1999. Ms. Neely then brought this action, alleging, against Heilig-Meyers, (1) federal claims of violations of her constitutional due process and Fourth Amendment rights and (2) state law claims of wrongful replevin. Heilig-Meyers moves to dismiss for lack of subject matter jurisdiction, and I

-2-

grant the motion.

The bar to this action is the *Rooker-Feldman* doctrine. This doctrine precludes federal jurisdiction over an action where the plaintiff alleges that her injury was caused by a state court judgment. *Remer v. Burlington Area School Dist.*, 205 F.3d 990, 996 (7th Cir. 2000) (*citing Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). The damages that Ms. Neely alleges that she has suffered are the result of the enforcement of an order of replevin by a state court, and so fall within the *Rooker-Feldman* bar if anything does.

Ms. Neely objects that *Rooker-Feldman* does not apply in cases where the state court judgement is void because it was procured by extrinsic fraud. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 561 (7th Cir. 1999). But that case is not on point because, unlike the plaintiff in *Long*, who was tricked into signing a confession of judgment by a crooked landlord and its unethical attorney, *id.* at 553, Ms. Neely does not allege fraud. She alleges only that Heilig-Meyers "did not reasonably believe" the factual allegations required to support its motion for a writ of replevin. A judgment procured by fraud is void, *Long*, 182 F.3d at 561 (*citing Falcon v.*

*Faulkner*, 209 567 N.E.2d 686, 694-95 (Ill. App. Ct. 1991)), but a judgment that was merely unsupported by the plaintiff's reasonable belief in its factual allegations was not procured by fraud, and so is not void.

Ms. Neely argues as well that I should extend to the situation here the Seventh Circuit's use in *Long* of the "reasonable opportunity" exception to *Rooker-Feldman*. The Seventh Circuit reasoned there that *Rooker-Feldman* "'can apply only where the plaintiff had a reasonable opportunity to raise his federal claim in state proceedings. . . An issue that a plaintiff had no reasonable opportunity to raise cannot properly be regarded as part of the state case.'" *Id.* at 558 (*citing Wood v. Orange County*, 715 F.2d 1543, 1547 (11th Cir. 1983)). Such a harsh rule "might deprive the plaintiff from any forum, state or federal, where he has a reasonable opportunity to present his federal constitutional claims, a result arguably contrary to the requirements of due process." *Id.*

To invoke this exception, the plaintiff must point to "some action taken by the state court or state court procedures in place" that form barriers that she could not overcome to present certain claims to the state court. *Id.* This might appear to be such a case,

since the no-notice procedure obviously prevented Ms. Neely from arguing against the issuance of the writ to the Circuit Court. But the *Long* court's example of a proper instance for the "no reasonable opportunity" exception is a case where the plaintiff was "[u]nable to appeal [the state court] decision," and his petitions to the State Supreme Court and the United States Supreme Court for a writ of mandamus to require that his appeal be allowed were both denied. *Id.* (citing *Lynk v. LaPorte Superior Court*, 789 F.2d 554 (7th Cir. 1986)). In contrast, nothing prevented Ms. Neely from appealing the Circuit Court's decision to a state court, and, if the appeal is not otherwise barred, I know of nothing that bars her from appealing now or raising her other claims in state court.[1] The "reasonable opportunity" exception does not apply.

Finally, Ms. Neely argues that Rooker-Feldman does not apply because she challenges the underlying procedures as

---

[1] Heilig-Meyer's argument that all of Ms. Neely's claims in this matter are precluded because it won a judgment in a no-notice hearing would violate due process. "The doctrine [of res judicata] is bottomed on the ground that the party to be affected . . . has had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction. . . . The opportunity to be heard is an essential requisite of due process . . . ." *Hedlund v. Miner*, 69 N.E.2d 862, 868 (Ill. 1946) (no res judicata without notice and opportunity to be heard); *Commercial National Bank of Peoria, Adm'r, v. Bruno*, 389 N.E.2d 163, 167, (Ill. 1979) (same, citing *Hedlund*).

-5-

unconstitutional. She cites no authority for this claim. Indeed, *Feldman* itself, which she says "dictate[s]" her desired results, says, in the part she herself quotes, that the doctrine does not apply when a district court is "simply asked to assess the [constitutional] validity of a rule promulgated in a nonjudicial proceeding." *Feldman,* 460 U.S. at 486 (administration of state bar rules context). Here Ms. Neely challenges a rule promulgated or applied in a judicial setting, a court issuing an order of replevin, a judicial writ almost as ancient as the common law itself.

Accordingly, I lack subject matter jurisdiction and must DISMISS Ms. Neely's complaint against Heilig-Meyers.

ENTER ORDER:

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: June 20, 2000

Copies have been mailed to:

Christopher V. Langone
The Langone Law Firm
25 E. Washington Street, #1805
Chicago, IL 60602

Lance A. Raphael
The Consumer Advocacy Center
25 E. Washington Street, #1805
Chicago, IL 60602

Attorneys for Plaintiff

Albert E. Fowerbaugh, Jr.
Lord, Bissell & Brook
115 S. LaSalle Street
Chicago, IL 60603

Attorney for Defendant